**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| James E. Myers, et al., | : | Case No. 3:06CV7045 |
| Plaintiffs, | : | |
| vs. | : | |
| United States of America, et al., | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties to this personal injury case, filed pursuant to 28 U.S.C. § 1332, have consented to have the undersigned Magistrate conduct all proceedings in this case and order the entry of a final judgment.  Pending is the Motion to Dismiss filed by Defendant United States of America (federal defendant) (Docket No. 11),  Plaintiffs' Memorandum in Opposition (Docket No. 18) and  Reply of the federal defendant (Docket No. 19).  For the reasons that follow, the Motion to Dismiss  is granted.

## FACTUAL BACKGROUND

Plaintiffs James E. Myers (Myers) and Ellen Eckert (Eckert) are residents of Vickery, Ohio, a city located in Sandusky County, Ohio (Docket No. 1).  The Western Division of the Northern District of Ohio includes Sandusky County, Ohio.  28 U. S. C. § 115(a) (2) (Thomson/West 2007).

Defendant Ohio Casualty Insurance Company (Ohio Casualty) is an insurance company licensed to conduct business and sell insurance under the laws of the State of Ohio.  Its principal place of business

is in Fairfield, Ohio (Docket No. 1, § 13).  The Southern District of Ohio, Eastern Division, includes

Fairfield County, Ohio.  28 U. S. C. § 115 (b)(2) (Thomson/West 2007).

Michael J. Jolliff was employed by the United States Postal Service (USPS).  USPS is an

independent establishment of the executive branch of the United States government (federal defendant).

*See* 39 U.S.C. § 201 (Thomson/West 2006) (Docket No. 1, § 10).

On or about February 17, 2004 at approximately 11:10 A.M., Michael Jolliff failed to yield the

right of way while operating a mail truck owned by the Postal Service.   Plaintiffs claim that the postal

driver's negligence  resulted in a collision with the motor vehicle driven by Plaintiff Myers (Docket No.

1, ¶s 2, 10).  Plaintiff Eckert was a passenger in the vehicle driven by Plaintiff Myers (Docket No. 1, ¶s

2, 6).  Plaintiffs Myers and Eckert claim that as a result of the collision, they have suffered severe and

permanent personal injuries, a loss of time and employment income and required medical treatment for

great pain (Docket No. 1, ¶s 4, 7).  At the time of the accident, Plaintiffs were insured under a motor

insurance vehicle policy[1] issued by Defendant Ohio Casualty (Docket No. 1, ¶ 14).

### PROCEDURAL BACKGROUND

On April 17, 2004, Plaintiff Eckert completed and submitted a claim for damages  to the USPS

Tort Claim Investigation Office in Cleveland, Ohio[2] (Docket No. 11, Exhibit A).  On June 3, 2004, the

USPS Tort Claims Office denied the claim[3] (Docket No. 11, Exhibit B).  The notice of denial was mailed

---

[1]

Plaintiffs claim that the medical payments coverage limit is $50,000 and the underinsured/uninsured benefits total $100,000 (Docket No. 1, ¶ 15).  Ohio Casualty filed a cross-claim against the federal defendant; however, a Notice of Dismissal of the cross-claim was filed on August 2, 2006 (Docket No. 21).

[2]

The claim for damages, injury or death form lists Plaintiffs Eckert and Myers as "claimant."  Plaintiff Myers did not sign the form in the capacity of claimant.  Plaintiff Eckert did sign the form.

[3]

The notice included the results of USPS's investigation, denial of liability and instructions for filing a civil action within six months after notice was disseminated.

by certified United States mail on June 3, 2004 to Plaintiffs Eckert and Myers at their addresses of record (Docket No. 11, Exhibit B, p. 2).  Plaintiff Myers signed the certified mail receipt and accepted delivery of the notice of claim denial on June 5, 2004 (Docket No. 11, Exhibit B, p. 2).  Plaintiffs filed this cause of action on February 8, 2006 against the federal defendant and  Ohio Casualty Insurance Company (Docket No. 1).   Ohio Casualty filed an Answer and Cross-Claim asserting a subrogation claim against the federal defendant  (Docket No. 3).  The cross-claim against the federal defendant was dismissed pursuant to Fed. R. Civ. P. 41(a) (Docket No. 21).  The federal defendant  filed a Motion to Dismiss the complaint and a Memorandum in Support alleging that Plaintiffs failed to establish subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and (6).

### STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b) (1) AND (6)

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be presented by motion:  (1) lack of jurisdiction over the subject matter,. . . .(6) failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12 (b) (1) and (6) (Thomson/West 2007).

In general, a motion to dismiss a complaint for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S. Ct. 99, 101-102 (1957); *Hospital Building Company v. Trustees of Rex Hospital*, 96 S. Ct. 1848, 1853 (1976).  *See also*, *Hishon v. King & Spalding*, 104 S. Ct. 2229, 2232 (1984); *Broyde v. Gotham Tower, Inc*., 13 F.3d 994, 996 (6th Cir. 1994) *cert. denied* 114 S. Ct. 2137 (1994).

A Rule 12(b) motion tests whether the complaint adequately states a claim and whether the notice

requirements of Rule 8(a) calling for a "short and plain statement of the claim" have been satisfied.  *Id*.

In making this determination, the court must accept as true all factual allegations in the complaint.

*Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974); *Leatherman v. Tarrant County Narcotics Unit*, 113 S.

Ct. 1160, 1161 (1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).  The

court's inquiry is a limited one and even though it appears on the face of the pleadings that a recovery is

very remote and unlikely "the issue is not whether a plaintiff will ultimately prevail but whether the

claimant is entitled to offer evidence to support the claim."  *Scheuer*, 94 S. Ct. at 1686; *Conley,* 78 S. Ct.

at 101-102.

A motion filed pursuant to 12(b)(1) for lack of subject matter jurisdiction falls into two general

categories:  facial attacks and factual attacks.  A facial attack is a challenge to the sufficiency of the

pleading itself.  On such a motion, the court must take the material allegations of the petition as true and

construe them in the light most favorable to the non-moving party.  *United States v. Ritchie*, 15 F. 3d 592,

598 (6th Cir. 1994) *cert. denied* 115 S. Ct. 188 (1994) (*citing Scheuer*, 94 S. Ct. at 1686-87).  A factual

attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge

to the factual existence of subject matter jurisdiction.  *Id*.  On such a motion, no presumptive truthfulness

applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case. *See Ohio National Life Insurance Company v. United States*, 922

F.2d 320, 325 (6th Cir. 1990).  But the fact that the court takes evidence for the purpose of deciding the

jurisdictional issue does not mean that factual findings are therefore binding in future proceedings.  *Id*.

"Inasmuch as a Rule 12(b)(1) motion basically is one in abatement, a dismissal is not a decision on the

merits and has no res judicata effect that would prevent the reinstitution of the action in a court that has

subject matter jurisdiction over the controversy."  *Id. (citing* CHARLES A. WRIGHT & ARTHUR R. MILLER,

4

FEDERAL PRACTICE AND PROCEDURE § 1350 at 225 (1990)).

Motions filed pursuant to Rule 12(b)(6) allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  *See Nishiyama*, 814 F.2d at 279.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993) (*citing Conley*, 78 S. Ct. at 99).

## DISCUSSION

Plaintiff does not argue that she did not receive the final claim denial letter or that she was unaware that Plaintiff Eckert accepted and/or completed service of denial of their joint claim at their shared address.  Plaintiff Eckert contends that she signed and submitted the claims form; consequently, USPS had a duty to send an individual notice to her.  She argues further that since she was not individually served with notice that her personal injury claim was denied by USPS, the statute of limitation period provided in 28 U.S.C. § 2401(b)[4] was never triggered.  The federal defendant contends that the June 3, 2004, letter is the agency's final denial letter and that USPS was not obligated to issue final notice to Plaintiffs Eckert and Myers individually at their shared address.

A claim shall be deemed to have been presented when the postal service receives from the claimant an executed Standard Form 95 accompanied by a claim for money damages.  39 C. F. R. § 912.5 (Thomson/West 2007).  Title 28 U. S. C. § 2401(b), specifically provides that the final denial of a "claim" shall be in writing and sent to the "claimant."

---

4

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U. S. C. § 2401(b) (Thomson/West 2007).

In this case, Plaintiffs Eckert and Myers filed a joint claim.  The "claimant" is therefore "Ellen Eckert & James Myers."  The final notice was served in the same manner as the claim was presented to the USPS.

The Magistrate finds that USPS complied with the statute in completing service on the "claimant" of record, Ellen Eckert and James Myers.  Plaintiff Eckert directs the Court's attention to several cases in which the court addressed the sufficiency of service and denial of the claim.  The Magistrate finds that each of the cited cases is distinguishable.

The court in *Johnson v. United States,* 652 F. Supp. 407, 409 (E. D. Va. 1987), denied the motion to dismiss as the government failed to serve the claimant by certified mail.  In *Raddatz v. United States,* 750 F. 2d 791, 797 (9th Cir. 1984), Plaintiff filed separate claims against the Army and Navy.  The Army letter purportedly denying Plaintiff's claim against the Navy was sent by regular mail and not by the agency to which the claim was presented.  In *Miller v. United States,* 741 F. 2d 148 (7th Cir. 1984), the Court addressed the sufficiency of the notice and the service of such notice.  The letter purporting to be the final denial was facially deficient.  It neither officially denied plaintiff's claim nor advised her that if dissatisfied with agency action, she could file a lawsuit in the appropriate U. S. District Court.  Additionally, the notice was not sent by registered or certified mail as required . 741 F.2d at 150.  The court in *Parker v. United States*, 935 F. 2d 176, 178 (9th Cir. 1991), determined that Parker's claim was not time barred since the Department of Agriculture failed to notify claimant by certified or registered mail of denial of his claim.  In *Reo v. United States Postal Service,* 98 F.3d 73 (3rd Cir. 1966), the Court held that parents' settlement of a minor's Federal Tort Claim Act without judicial approval tolled the statute; thus, the claimant retained the option to wait indefinitely to file a law suit.

These cases have been unpersuasive in convincing the Magistrate that Plaintiff Eckert was entitled

to an individual notice.  None of these cases direct the Court to any requirement in the USPS administrative rules or regulations or general administrative procedures that final notice be individually sent to the co-claimant.

In the alternative, Plaintiff Eckert contends that the notice was deficient since it does not contain a reason for the agency's denial of the property damage claim.  The Magistrate finds that USPS was not required to include a rationale for the denial of Plaintiffs' property damage claim.

Final denial of an administrative claim shall be in writing and sent to the claimant by certified or registered mail.  28 C. F.R. § 14.9 (a) (Thomson/West 2007).  The notification of final denial **may** include a statement of the reasons for the denial.  28 C. F. R. § 14.9(a) (Thomson/West 2007).  The notification of final denial **shall** include a statement that, if the claimant is dissatisfied with the agency action, he or she may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of the notification.  28 C. F. R. § 14.9(a) (Thomson/West 2007).

Plaintiffs have failed to demonstrate that the notice did not comply with the requirements prescribed in 28 C. F. R. § 14.9(a).  In fact, the evidence is contrary to Plaintiffs' contentions.  Paragraph three[5] of the final notice issued to Plaintiffs indicates that USPS conducted an investigation that failed to establish that Michael Jolliff was negligent; thus, USPS was unwilling to accept liability (Docket No. 11, Exhibit B).  Paragraph four[6] advised Plaintiffs how and when to pursue a civil suit (Docket No. 11, Exhibits B).  The Magistrate finds that such notice complies with the notice requirements for denying a

---

[5]

Paragraph three states:  "As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees."

[6]

"In accordance with 28 U. S. C. § 2401(b) and 39 C. F. R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of the final action.  Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter."

claim consistent with the provisions of 28 C. F. R. § 14.9(a).

For the foregoing reasons, the Magistrate finds that Plaintiffs have failed to show that their claims were filed within the statutory period.  Accordingly, the federal defendant's Motion to Dismiss is granted.

So ordered.


/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: 3/19/07