**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| James E. Myers, et al., | : | Case No. 3:06CV7045 |
|     Plaintiffs, | : | |
| v. | : | |
| United States of America, et al., | : | MEMORANDUM DECISION AND ORDER |
|     Defendants. | : | |

The parties have consented to have the undersigned Magistrate enter final judgment in this case. Pending is Defendant Ohio Casualty Insurance Company's (Ohio Casualty) unopposed Motion to Dismiss (Docket No. 23). For the reasons that follow, the Motion to Dismiss is granted.

**FACTUAL BACKGROUND**

Plaintiff's James E. Myers (Myers) and Ellen Eckert (Eckert) reside in Vickery, Ohio, a city located in Sandusky County, Ohio and within the Northern District of Ohio, Western Division (Docket No. 1). 28 U.S.C. § 115(a) (2) (Thomson/ West 2007).

Defendant Ohio Casualty is an insurance company licensed to conduct business and sell insurance under the laws of the State of Ohio. Its principal place of business is in Fairfield, Ohio (Docket No. 1, ¶ 13). Fairfield, Ohio, is located in Butler County, Ohio, and is within the Southern District of Ohio, Eastern Division. 28 U.S.C. § 115

(b)(1) (Thomson/West 2007).

Michael J. Joliff was employed by the United States Postal Service (USPS), an independent establishment of the Executive Branch of the United States Government. *See* 39 U.S.C. § 201 (Thomson/West 2006)(Docket No. 1, ¶10).

While operating a postal vehicle on or about February 17, 2004, Michael J. Joliff failed to yield the right of way. Plaintiffs claim that the postal driver's negligence resulted in a collision with the vehicle operated by Plaintiff Myers (Docket No. 1, ¶s 2 and 10). Plaintiff Eckert was a passenger in the Myers' vehicle (Docket No. 1, ¶s 2, 6). Plaintiffs claim that as a result of Joliff's negligence, they have suffered severe and permanent injuries, incurred a loss of income and medical expenses and experienced pain and suffering. (Docket No. 1, ¶s 4, 7). At the time of the accident, Plaintiffs were insured under an automobile insurance policy issued by Defendant Ohio Casualty (Docket No. 1, ¶ 14).

## **PROCEDURAL BACKGROUND**

On April 17, 2004, Plaintiff Eckert completed and submitted, on behalf of both Plaintiffs, a claim for damages to the USPS Tort Claim Investigation Office in Cleveland, Ohio (Docket No. 11, Exhibit A.). On June 3, 2004, the USPS Tort Claims Office denied the claim (Docket No. 11, Exhibit B.). The notice of denial was mailed by certified United States mail on June 3, 2004, to Plaintiffs' address of record (Docket No. 11, Exhibit B, p. 2). Plaintiff Myers signed the certified mail receipt and accepted delivery of the notice of claim denial on June 5, 2004 (Docket No. 11, Exhibit B, p.2). Plaintiffs filed this cause of action against the United States of America (USA) and Ohio Casualty (Docket No. 1). Defendant Ohio Casualty filed an answer and asserted a subrogation

claim against the USA (Docket No. 3). The cross-claim against Defendant USA was dismissed pursuant to FED. R. CIV. P. 41 (a) (Docket No. 21). Defendant USA filed a Motion to Dismiss with a Supporting Memorandum. The claim against Defendant USA was dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and (6) (Docket No. 22). Defendant Ohio Casualty also filed a motion to dismiss pursuant to FED. R. CIV. P. 12(h) (3). Plaintiffs failed to file a responsive pleading.

### **STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(h)(3).**

Pursuant to FED. R. CIV. P. 12 (h) (3), the district court may, sua sponte, dismiss an action "whenever it appears …that the court lacks jurisdiction of the subject matter…" *See McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999) *cert. denied*, 120 S. Ct. 1278 (2000); *Von Dusner v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). The courts have original jurisdiction over matters where the government is the defendant. 28 U.S.C. §1346 (b) (1) (Thomson/West 2007).

The district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a) (Thomson/West 2007). Supplemental jurisdiction is governed by 28 U.S.C. § 1367 which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when the court has dismissed all of the claims over which it has original jurisdiction. *Weeks v. Portage County Executive Offices*, 235 F. 3d 275, 280 (6th Cir. 2000) (*citing* 28 U.S.C. § 1367(c)(3)).

The U.S. Supreme Court has provided guidelines to assist the district court in the exercise of its discretion to decline the exercise of supplemental jurisdiction. *United*

*Mine Workers of America v. Gibbs*, 86 S. Ct. 1130, 1139 (1966). In fact, Section 1367(c) makes it clear that a district court may, not must, decline to exercise supplemental jurisdiction. *Id.* While there is no categorical rule that the court is barred from exercising supplemental jurisdiction, the district court's decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (*citing Musson Theatrical v. Federal Express*, 89 F. 3d 1244, 1254 (6th Cir. 2002)).

## DISCUSSION

Plaintiffs' claim against Defendant Ohio Casualty seeks a declaration of the amounts payable under the uninsured motorist and medical payment provisions of their policy. Defendant Ohio Casualty contends that once the claims over which the district court had original jurisdiction have been dismissed, this Court lacked jurisdiction over Plaintiffs' remaining claims. Defendant argues further that Plaintiffs' complaint should be dismissed pursuant to FED. R. CIV. P. 12(h)(3).

Plaintiffs in this case invoked the original jurisdiction of the Court under 28 U.S.C. §1346 (b) (1) by naming the United States Government as a Defendant. The court exercised supplemental jurisdiction over Defendant Ohio Casualty because Plaintiffs' claims against them arose from the accident involving Michael Joliff, a USPS employee. Ultimately the claims against the federal government were dismissed leaving Defendant Ohio Casualty as the sole Defendant. The claims against Ohio Casualty are within the province of the state and should be decided according to state law. Notwithstanding the grant of supplemental jurisdiction provided under 28 U.S.C. § 1367, this Court may decline to exercise jurisdiction on the specific ground that the federal claims over which

this court has jurisdiction were dismissed prior to trial.

In assessing the interests of judicial economy, convenience, fairness and comity, the undersigned finds that Plaintiffs' remaining claims should be adjudicated in state court. Plaintiffs have presented no evidence that they have spent considerable time or expense in litigating the case, nor have they presented any other reason why the court's decision to decline to exercise supplemental jurisdiction would be unfair or inconvenient. The interest of judicial economy overcomes the presumption against retaining this state law claim. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismisses the case against Ohio Casualty without prejudice to be filed in a state court of competent jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Defendant Ohio Casualty's Motion to Dismiss (Docket No. 23) is granted and the claims against Ohio Casualty are dismissed without prejudice.

So ordered.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Dated: 05/21/07